UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK SAMARGANDI, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:09-cv-01577 |
| | § | |
| AMERICAN EXPRESS, MARYLAND | § | |
| NATIONAL BANK, N.A., BANK OF | § | |
| AMERICA, and JP MORGAN CHASE, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Remand. (Doc. No. 6.)   After considering the parties' filings and the applicable law, the Court finds that Plaintiff's Motion should be denied.

### I. BACKGROUND

This case arises out of the purported improper attempts of Defendants to collect Plaintiff's alleged consumer debt and their allegedly false reports to credit reporting agencies.   Plaintiff was involved in a receivership action in which the underlying debt was purportedly cancelled because the Defendants in that action, allegedly Defendants here, failed to appear.[1] Plaintiff allegedly sent the certified order acknowledging the cancelled debt ("Order") to Defendants several times after it was issued.[2] (Brice Beale Aff.)   The Order listed debts totaling over $100,000, and, in early May 2009, Plaintiff confirmed that these debts are the basis of his declaratory action.

---

[1] This receivership action was mentioned in Plaintiff's Complaint: *In the Matter of the Marriage of Shahnin E. Samarghandi and Mark Samarghandi*, 03-09-06727 (Montgomery County Texas, 284th Judicial District Court Aug. 11, 2005).

[2] Defendant objects to Plaintiff's evidence showing "green cards" attached to correspondence to Defendant from 2005. Plaintiff proffers these cards as evidence that Defendant received the Order prior to the commencement of this lawsuit. Because the Court will not rely on these green cards, Defendant's objection will be denied as moot.

Plaintiff filed suit in the District Court of Harris County, Texas, for violations of the Texas Deceptive Trade Protections Act ("DTPA") and the Texas Debt Collection Practices Act ("DCPA"). In his state court petition, Plaintiff sought compensatory and exemplary damages, a declaratory judgment, and costs and attorneys fees. (Doc. No. 1, Ex. B.) In the petition, Plaintiff stated that he "seeks monetary relief aggregating $50,000 or less." (*Id.*)

Plaintiff served Bank of America on March 4, 2009. Bank of America answered in May, pursuant to an agreed extension of time. On May 11, 2009, Defendants received a copy of the Order, and they removed the action on May 26, 2009. Chase Bank, USA, N.A., incorrectly sued as JP Morgan Chase ("Chase") and American Express ("American Express") consented to the removal on May 26 and 27. (Doc. Nos. 4, 7.) Defendant Maryland National Bank ("MNB") is a predecessor of Bank of America. The parties are completely diverse.

## II. MOTION TO REMAND

Plaintiff now moves to remand because he claims that federal jurisdiction is not proper. He contends that the amount in controversy is less than $75,000 and, even if it were more, Defendants failed to timely join all co-defendants in the removal petition within 30 days after they received the pleadings. Defendant Bank of America responds that the notice was timely because it filed its notice of removal within 30 days of receiving the Order, which affirmatively revealed that the amount in controversy exceeded the jurisdictional amount.

### A. Standard

The removal statute provides that:

> [A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Diversity jurisdiction exists only when the adverse parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Diversity of citizenship is not an issue here; the only question is whether the amount in controversy is sufficient.

The amount is determined at the time of filing the notice of removal, based on the then-existing state court petition, exclusive of interest and costs. 28 U.S.C. § 1332; *See also White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *St. Paul Reinsurnace Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998). If a state statute provides for attorneys fees, they are included in the amount in controversy. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d at 723 (internal citations omitted).

## 1. Amount in Controversy

Plaintiff alleges that he only seeks an amount aggregating to $50,000 or less, excluding costs, prejudgment interest and attorney's fees. If, from the face of the complaint, the court determines that the amount in controversy is likely to exceed the jurisdictional amount, the court may exercise federal jurisdiction. *See, e.g., Manguno*, 276 F.3d at 723; *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). Courts consider the types of claims, in addition to the damages alleged, to establish whether it is facially apparent that claimed damages exceed $75,000. *See, e.g. Sorenson v. Ashmore*, 4 F.Supp. 2d 669, 670 (E.D. Tex. 1998).

When the complaint does not allege a specific amount of damages,[3] the removing defendant may prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.[4] *See, e.g. Allen v. R&H Oil & Gas Co.*, 63 F.3d at 1335; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.) ("*De Aguilar* II"), *cert. denied*, 116 S.Ct. 180 (1995); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993) ("*De Aguilar* I"). The removing defendant is required to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See, e.g., Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2002). *See also Harden v. Field Memorial Community Hosp.*, 265 Fed. Appx. 405, at *2 (5th Cir. 2008). If the defendant meets this burden, to secure a remand the plaintiff must show that, "as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint." *De Aguilar II*, 47 F.3d at 1411. Any ambiguities are construed against removal. *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d at 723. The Fifth Circuit has clarified that the plaintiff's burden must be met at the time he files his complaint—this analysis is not a burden-shifting exercise. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387 (5th Cir. 2009) (citing *De Aguilar II*, 47 F.3d at 1417.)

A declaratory judgment action is estimated at the value of the right to be protected or the extent of the injury to be prevented. *See, e.g. Dow Agroscience, LLC v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003), *vacated and remanded on other grounds*, 125 S.Ct. 1788 (2005) (holding that a declaratory judgment action exceeded the jurisdictional amount

---

[3] Under Texas law, plaintiffs with an unliquidated claim are to plead only that the damages sought are within the jurisdictional limits of the court. TEX. R. CIV. P. 47.

[4] The *Allen* court suggests that, where an exact amount has been pled, a defendant may also show, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount, unless the plaintiff shows that it is legally certain he cannot recover that amount. 63 F.3d at 1335 n. 14. Also, "[w]here the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith." *Allen v. R&H Oil & Gas Co.*, 63 F.3d at 1335.

because the defendant sought to prevent DTPA claims subject to the statute's treble damages provision); *Aladdin's Castle, Inc. v City of Mesquite*, 630 F.2d 1029, 1035-36 (5th Cir. 1980), *rev'd on other grounds*, 102 S.Ct. 1070 (1982); *Sterl v. Sears*, 88 F.Supp. 431, 432 (N.D. Tex. 1950).

Here, as set forth by Defendants, the debts that Plaintiff contends were extinguished by the Order total over $100,000. Plaintiff avers that he is not suing in relation to the underlying debt in controversy but rather to the amount of the bills related to the unlawful collection activity by Defendants. If Plaintiff succeeds in receiving the declaratory relief he requests, and the Court determines that none of the debts is due and owing, however, Defendants aver that they will lose the right to collect an amount over the jurisdictional limit. Combined with any damages Plaintiff might be awarded pursuant to his DCPA and DTPA claims, Plaintiff has not established that, as a matter of law, he will recover less than $75,000. Plaintiff contends that, absent a showing of bad faith, in the form of an allegation of jurisdictionally deficient damages solely to avoid federal court, the action should be remanded. As the *Exxon Chemical Fire* court clarified, however, a plaintiff is required to demonstrate damages below the jurisdictional amount to a legal certainty whenever a defendant has established by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. 558 F.3d at 387. Plaintiff has not so established.

## 2.  Time of Removal

A case must be removed within 30 days of the date the defendant receives the initial pleading, or 30 days after its receipt "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained

that the case is one which is or has become removable." 28 U.S.C. § 1446(b). The 30-day period begins at the receipt of the initial pleading "only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *See, e.g. Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163-64 (5th Cir. 1992); *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (holding that a post-complaint "demand" letter asking for more than $75,000 to settle the case triggered the 30 day time for removal). In contrast, the information in the amended pleading, motion, order or other paper must be "unequivocally clear and certain" to start the time limit for purposes of § 1446(b). *See Bosky*, 288 F.3d at 212. As compared to the initial pleading, the "other paper" standard to establish removal jurisdiction "seems to require a greater level of certainty" than that for the initial pleading. *Bosky*, 288 F.3d at 211 (construing the word "ascertain"). The "other paper" removal is triggered only by a voluntary act by the plaintiff, not by the defendant's subjective knowledge. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) (holding that, while defendant's affidavit stating that the amount in controversy was over the jurisdictional limit was insufficient, a deposition transcript in which the plaintiff testified to its actual damages was sufficient). This clearer threshold is designed to reduce "protective" removals of defendants faced with an equivocal record. *Id.*

The Court must therefore determine whether the initial pleading affirmatively revealed on its face that the amount in controversy likely exceeded the jurisdictional minimum. *See, e.g., Chapman*, 960 F.2d at 163. Plaintiff contends that, if the Court determines that the amount in controversy exceeds the jurisdictional limit, the case still

must be remanded because Defendants had already received the Order when the case was filed. He reasons that Defendants knew, from their receipt of the Order, that the case was removable upon filing.

The original petition filed in state court in this action notes that Plaintiff was put into a receivership and avers that the Order cancelled the underlying debt. In that petition, Plaintiff avers that he seeks only less than $50,000. He pleads two claims for relief. Plaintiff contends that, because the state court order was identified in the petition that Defendants received on March 4, 2009, it was therefore facially apparent that he seeks more than the jurisdictional limit.[5] Plaintiff specifically cites the Order in his Complaint and requests a declaratory judgment in his prayer.

Defendant Bank of America avers that, after it received the Complaint, it identified two consumer debts that Plaintiff has with Bank of America totaling only $52,000, less than the jurisdictional amount. (Melissa Walls, Bank of America Corporation Aff. ¶ 6.) The petition only discussed debts "primarily used for personal, family or household purposes." Only upon discussions with Plaintiff did Defendant learn that Plaintiff intended to include in his action debts that were incurred by Plaintiff through his business, Concord Cars of Texas. In May 2009, after Defendant requested it several times, Plaintiff forwarded Defendant a copy of the Order. (Walls Aff. ¶ 5.)

---

[5]The Court notes that, on a motion to dismiss, a court may properly consider documents for which it may take judicial notice and documents that are either attached to or incorporated in the complaint. *Walch v. Adjutant General's Dept. of Texas*, 533 F.3d 289, 293-94 (5th Cir. 2008) (holding that letters that were attached to the defendants' motion to dismiss, whose authenticity was not in question, and that were referred to in the complaint, were properly considered on a motion to dismiss). District courts have applied this reasoning to evaluating complaints for purposes of motions to remand. For example, a district court in the Eleventh Circuit considered a document referred to and attached to the Amended Complaint in addressing a motion to remand based on fraudulent joinder. *See Estate of Duckett v. Cable News Network LLP*, No. 04:06-cv-444-Oc-10GRJ, 2007 WL 2050935, at *3 (M.D.Fla. July 16, 2007). Because, in this case, even had Defendant obtained a copy of the Order prior to May 2009, it would not have known that Plaintiff intended to assert causes of action concerning both Plaintiff's individual debt and that of his corporation, this Court need not decide whether it is proper, in making the "facially apparent" analysis, to rely on documents referred to or attached to the complaint.

Consequently, commensurate with the policies outlined with by the Fifth Circuit in *Chapman* to avoid preemptive removals based on uncertain jurisdictional facts, the Court finds that the case was properly removed within 30 days after Defendant received the Order.

In both his petition and in briefing before the Court, Plaintiff avers that he sent Defendants a copy of this Order prior to filing his Complaint and therefore the "other paper" removal was also triggered when the petition was filed in state Courts. Even had Defendants received this Order prior to their receipt of Plaintiff's original petition, this argument has been foreclosed by *Chapman*. In that case, the defendant had received the medical bills and demand letter before plaintiff filed its complaint. Therefore, the plaintiff argued that the defendant had received the "other paper" before it was sued and removal was triggered upon the filing of the case. The Fifth Circuit disagreed, and it reasoned that § 1446(b), by its plain language, suggested that the other paper had to be received after the initial filing in the case. 969 F.2d at 164.[6] Likewise, the 30-day limit was not triggered by Defendants' purported knowledge of the Order.

### III. CONCLUSION

Plaintiff's Motion to Remand is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the / 7ᵗʰ day of August, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[6] Defendant objects to Plaintiff's reliance on pre-complaint correspondence to establish that Defendant received papers indicating that the amount in controversy exceeded $75000 more than 30 days before it removed. As the Court does not rely on this correspondence, this objection shall be denied as moot.

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**